UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK EDWARD DANIELS, JR.,

        Plaintiff,

v.                        Case No. 3:07-cv-514-J-12MCR

JOHN W. PEACH, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Frank Edward Daniels, Jr., an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on June 11, 2007. Plaintiff Daniels names the following individuals as the Defendants in this action: (1) John W. Peach, a circuit court judge in Jasper, Florida; (2) Kimberly Sedor, an Assistant State Attorney in Live Oak, Florida; and, (3) Young Kwon, an Assistant Public Defender in Live Oak, Florida. While Plaintiff's Complaint is not a model of clarity, he claims that he was denied surgery for a herniated disk, that the generic medications for multiple sclerosis are not effective, that his student loans are delinquent and that he was denied effective physical therapy while

incarcerated. With respect to the named Defendants, it appears that Plaintiff's claim is that Judge Peach "accepted" Ms. Sedor's argument and sentenced Plaintiff to prison time. Apparently, Plaintiff opines that, due to his health situation, he should not have been sentenced to a term of incarceration.[1] With respect to Mr. Kwon (Plaintiff's attorney during the criminal trial), Plaintiff contends that Mr. Kwon failed to use the officer's deposition during the criminal proceeding. As relief, Plaintiff requests compensatory damages for his pain and suffering while incarcerated.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.)

---

[1] Plaintiff was sentenced to one year of incarceration within the Florida Department of Corrections, and his estimated release date is June 29, 2007. See http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections).

2

(citing <u>Battle v. Central State Hospital</u>, 898 F.2d 126, 129 (11th Cir. 1990)), <u>cert</u>. <u>denied</u>, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," <u>id</u>. at 327, or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. <u>Bilal v. Driver</u>, 251 F.3d at 1349.

In any 42 U.S.C. § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and, (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. See <u>Knight v. Jacobson</u>, 300 F.3d 1272, 1276 (11th Cir. 2002); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995).

In this case, Plaintiff seeks monetary relief against two Defendants who are immune from such relief.

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." <u>Id</u>. Whether a judge's actions

3

>were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Scott v. Hayes, 719 F.2d 1562, 1565 (11th Cir. 1983).

Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam). Because Plaintiff challenges actions taken by Defendant Peach while he was acting in his judicial capacity as a circuit court judge, it is clear Defendant Peach is absolutely immune from suit in performing these judicial responsibilities.

"Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); and, Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)); see also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)). Thus, Defendant Sedor is absolutely immune from suit in this case.

Further, with regard to Plaintiff's defense counsel (Mr. Kwon), Plaintiff alleges that Assistant Public Defender Kwon failed to adequately represent him at the state criminal trial. With respect to Defendant Kwon, Plaintiff has failed to satisfy the first prong of the § 1983 two-part test (acting under color of

4

state law). The United States Supreme Court has stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). Here, the assistant public defender was performing a lawyer's traditional function of representing Plaintiff in a criminal action. As such, Defendant Kwon was not acting under color of state law.

Thus, for all of the above-stated reasons, this case will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13TH day of June, 2007.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sc 6/12
c:
Frank Edward Daniels, Jr.